E-FILED
Tuesday, 10 January, 2006  12:21:22 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

ERIC L. ORINGTON, )
)
    Petitioner, )
)
v. ) Case No. 06-1004
)
UNITED STATES OF AMERICA, )
)
    Respondent. )

## O R D E R

This matter is before the Court on Petitioner, Eric Orington's ("Orington"), Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the Motion [#1] is DISMISSED.

**Background**

On December 21, 1994, Orington was indicted on the charge of possession of cocaine base with the intent to distribute in violation of 21 U.S.C. § 841(a)(1). He pled guilty to the Indictment on April 5, 1995. On September 1, 1995, this Court sentenced Orington to life imprisonment, as a result of his two prior controlled substance convictions and the Government's information. He did not file a direct appeal and does not allege that he ever asked his attorney to pursue a direct appeal.

On April 11, 1997, Orington filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, in which he raises essentially two arguments:

- (1) His counsel was ineffective for failing to raise the argument that his mandatory life sentence was improper because he did not admit that the substance in his possession was anything other than regular cocaine and the Government failed to prove by a preponderance of the evidence that the substance was in fact cocaine base either at sentencing or on appeal; and

- (2) His counsel was ineffective for advising him to plead guilty to a mandatory life sentence.

The Motion was denied on October 3, 1997.

Orington now attempts to take another bite at the apple. On January 5, 2006, he filed the present Motion pursuant to § 2255, in which he argues that he is in custody under a sentence which exceeds the maximum authorized by statute and that he is entitled to proceed with a challenge based on United States v. Booker.

**Discussion**

The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L.No. 104-132, 110 Stat. 1214 (April 24, 1996) (the "Act"), amended the provisions of 28 U.S.C. § 2255 by adding the following language:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain --
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. As amended, § 2244(b)(3)(A) now requires the applicant to "move in the appropriate court of appeals for an order authorizing the district court to consider the application" prior to filing a second or successive application in the district court.

The instant motion is Orington's second petition for habeas corpus pursuant to § 2255 in response to his 1995 conviction for possession of cocaine base with intent to distribute. However, Orington has failed to obtain an order from the Seventh Circuit Court of Appeals authorizing this Court to consider this application. Before this Court is able to consider his motion, he must obtain such order from the Seventh Circuit Court of Appeals.[1]

**Conclusion**

Accordingly, for the reasons set forth above, the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255 [#1] is DISMISSED for lack of jurisdiction. This case is terminated.

ENTERED this 10th day of January, 2006.

        s/ Michael M. Mihm
        Michael M. Mihm
        United States District Judge

---

[1] The Court would also note parenthetically that the present Motion would appear to be time-barred, as the new rule of law announced has not been made retroactively applicable to cases on collateral review.